### NATHANIEL HAM *vs.* CITY OF SALEM.

If a corporation, authorized to take land for a public purpose by a statute which provides that, within a certain time after taking any land, it shall file in the registry of deeds a description thereof sufficiently accurate to identify the same, omits in such description to reserve any rights to the landowner, it cannot, on a trial to assess his damages, prove its parol assent to such a reservation, or that the use which it intends to make of the land does not require exclusive possession of it.

On a trial under the St. of 1864, *c.* 268, § 10, to assess damages for land taken by the city of Salem under § 1 for the purpose of supplying the city with pure water, it appearing that the description of the land filed in the registry of deeds by the mayor under § 3 omitted to show any reservation of rights to the landowner, *Held,* that it was incompetent for the city to prove that it put up fences inclosing the land for his benefit, and so informed him at the time, and afterwards told him that they would be kept up or removed at his pleasure; or that they offered to him, by parol, to put in gaps and ways across the line of their aqueduct through the land, and he declined the offer; or that the purposes for which they intended to use the land were not inconsistent with the reservation of such rights to him.

On a trial to assess damages for land taken for a public use, if evidence is admitted of what the petitioner originally paid for the land, he may be permitted to prove, in reply and explanation, the circumstances under which he paid it.

On a trial of the issue of the value of an ice privilege on the margin of a certain pond, evidence of the value of ice privileges on ponds seven or eight miles distant was excluded. *Held,* that a bill of exceptions to the exclusion of this evidence could not be sustained which did not affirmatively show that the evidence would have aided the jury in determining the value of the privilege in question.

CHAPMAN, C. J. Under the St. of 1864, *c.* 268, for supplying the city of Salem with pure water, the respondents' have taken certain lands of the petitioner, situated on the margin of Wenham Pond, and a jury has been summoned and has returned a verdict assessing his damages. Exceptions have been taken by the respondents to some of the rulings of the sheriff.

1. They contend that certain evidence which they offered was wrongfully excluded. They offered to prove that the fences which had inclosed the land were not needed by them, but were put up temporarily and for the benefit of the petitioner; and that he was so informed by the water commissioners at the time they were built, and was subsequently told by them that they would be kept up or removed at his pleasure. They also proposed to show that they offered the petitioner, by parol, to put

in gaps and ways across their pipe line at any reasonable places he might indicate, but that he declined the offer. They also offered to show what were the uses and control of the land taken for the pipe line required for the purposes of their works; that they were for a way to cart their coal; to pass and repass from their engine-house and from the pond, and for the laying, relaying or repairing of their pipes.

The first section of the statute authorizes them to take and hold, by purchase or otherwise, such land on and around the margin of the pond, not exceeding five rods in width, as may be necessary for the preservation and purity of its waters; and also to take and hold, in like manner, such lands as may be necessary for erecting and maintaining dams and reservoirs, and for laying and maintaining conduits, pipes, drains and other works, for collecting, conducting and distributing said waters through said city. The third section provides that the mayor of the city, within sixty days after the taking of any of the lands, shall file in the registry of deeds for the county of Essex a description thereof, sufficiently accurate for identifying the same. The tenth section provides that the city shall be liable to pay all damages sustained by any persons or corporations for the taking of any land, &c., and provides for an assessment of damages by a jury.

The taking of the land is effected by filing the description of it in the registry of deeds by the mayor, as provided in the third section. The location of a railroad is an act of a similar character, and the filing of the location is held in such cases to be the taking of the lands. *Charlestown Branch Railroad Co.* v. *County Commissioners,* 7 Met. 78. *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 574. The document thus filed is conclusive upon both parties, and furnishes evidence which is clear and permanent, like a registered deed. In thus taking the land, the company may reserve to the owner such rights of way or other rights as they may think proper; and the record will show that they are reserved. Such reservations may diminish his claim for damages. But no rights which are not thus reserved will exist. A parol assent that he may have a right of way, or

pasturage, or tillage, may be revoked by the city; and a present intent of the city to use a part of the land merely for a cartway, expressed by mere parol, may be changed at their pleasure. If they lay their pipes upon the land, they may decide how far below the surface they shall be laid; and may vary the depth from time to time as they shall think proper; and when they have dug their ditch for the purpose, they may decide whether or not to fill it, and make the surface smooth so that it can be used as a way. And as they cannot now foresee what their future necessities or interests may be, it is important to them to limit their rights as little as possible. Probably it is with this view that they have omitted to make any reservations.

From this view of their rights, it is obvious that the evidence offered was properly rejected as immaterial.

2. The respondents having offered evidence as to what the petitioner paid for his whole land, he was permitted to show, in reply and in explanation, the circumstances under which he paid it; the condition of the property at the time; and the improvements he had made upon it since the purchase; and to put in evidence the conveyances to him. This evidence was objected to. But the court are of opinion that it was pertinent. In many cases the price paid for land tends to show its value; and if such evidence is offered, it is equally proper to prove any explanatory facts.

3. The petitioner offered evidence as to the value of the land taken, and situated on the shore of the pond, as an ice privilege. In reply to this, the respondents offered to show, by witnesses acquainted with the subject, the sums for which ice privileges and land to be used for that business had been recently sold, about the time of the taking of the land in question, in Peabody and Lynn. The ponds in these places are seven or eight miles from the pond in question. This evidence was rejected. In respect to such evidence much must be left to the discretion of the presiding officer. *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 115. Considering the distance between these ponds, and the importance of locality in fixing the value of an ice privilege, we think the officer decided properly in rejecting

the evidence.   It does not appear that it would aid the jury in determining the value of the petitioner's privilege.

These are all the questions that have been argued before us.

*Exceptions overruled, and verdict accepted.*

*J. A. Gillis,* for the respondents.

*W. C. Endicott,* for the petitioner.   .