NEW YORK AND NEW ENGLAND RAILROAD COMPANY *vs.* OTIS DRURY, administrator.

Suffolk. March 24. — June 29, 1882. FIELD & C. ALLEN, JJ., did not sit.

After a railroad corporation had filed a location of its railroad over A.'s land, A. conveyed a portion of the land to B. by a warranty deed containing a covenant against incumbrances. Both A. and B. filed petitions against the corporation for the assessment of damages for the land taken; and, B. having become insolvent, his assignee assigned to the corporation the claim of B. under his petition for the land taken and damages caused by the laying out of the railroad, with full power to prosecute the petition to final judgment, and to avail itself of all remedies both in law and in equity in relation to said claim. A. subsequently recovered judgment against the corporation for damages for all the land taken. *Held*, on a bill in equity by the corporation against A., to restrain him from enforcing his judgment so far as the damages sustained by B.'s land were concerned, that the claim of B. against A. for breach of the covenant of warranty did not pass by the assignment to the corporation; and that the bill could not be maintained.

MORTON, C. J. The Midland Railroad Company in 1851 filed a location of its railroad over a tract of flats belonging to Cyrus Alger, of whose estate the defendant is the administrator. In 1853, Cyrus Alger conveyed by warranty deeds, containing

covenants against incumbrances, a portion of said flats to Henry S. Washburn, and another portion to Edward Reed and Cyrus Alger, Jr. In 1854, the Boston and New York Central Railroad Company, the successor of the Midland Railroad Company, filed a new and amended location crossing the lots of Alger and of his grantees. Immediately after the new location was filed, Alger, Washburn, and Reed and Alger severally filed petitions to the county commissioners to recover damages for the land taken. Alger having died, the defendant, as his administrator, prosecuted his petition, and recovered before a jury in the Superior Court a verdict of $32,625, for all the damages sustained by Alger by the location of 1851, which verdict was afterwards affirmed by this court. *Drury* v. *Midland Railroad*, 127 Mass. 571.

The plaintiff in the case before us, having by several mesne conveyances acquired all the franchises, rights and property of the Midland Railroad Company, subject to all its obligations and liabilities, was the real defendant in that case, and was held to be liable for the damages sustained by Alger; and it was also held that Alger, being the owner in fee of all the land at the time the location was filed, in 1851, was entitled to recover the whole damages to all the land.

Under the direction of the presiding justice of the Superior Court, the jury made separate findings, apportioning the damages to the two lots conveyed by Alger to Washburn and to Reed and Alger, stating in their finding the amount of damages sustained by each.

Washburn and Reed and Alger became insolvent, and their assignees, in 1866, executed the assignments of their claims under their petitions for compensation above referred to, which assignments will be hereafter considered.

After the decision in the former case, the plaintiff brought this bill in equity, in which it seeks to restrain the defendant from collecting that part of his verdict which was for the damages to the two lots sold by Alger, or for a decree that he shall hold that part of his verdict in trust for the plaintiff.

The plaintiff contends that the subsequent conveyances of Alger, with covenants against incumbrances, operated as equitable assignments to his grantees of his claim for damages on

account of the land conveyed; and that it has acquired the rights of such grantees by the assignments made by their assignees. But the first difficulty of the plaintiff's position is, that it does not appear that it has acquired any rights which Washburn or Reed and Alger may have against Alger under the covenants of his deeds. The assignments by the assignees did not convey to it any such rights. The two assignments, though differing slightly in language, are the same in legal effect. The assignees of Washburn " sell, assign, transfer and set over to the Boston, Hartford and Erie Railroad Company, our claim as assignees of the estate of Henry S. Washburn, insolvent debtor, against the Boston and New York Central Railroad Company, for land taken and damages caused by the laying out, making and maintaining its railroad, as set forth in his petition to the county commissioners of the county of Norfolk, and authorize the said Boston, Hartford and Erie Railroad Company to prosecute the said petition to final judgment, and avail themselves of all remedies, both in law and equity, in relation to said claim, as fully as we could have done, had we not made this assignment."

This does not purport to transfer any claim which Washburn may have had against Alger for a breach of his covenant of warranty. It purports merely to transfer his claim for land damages, as set forth in his petition to the county commissioners. Under that petition, Washburn could not maintain any claim for damages to his land caused by the taking in 1851. At that time he had no interest in the land, legal or equitable. The title of the railroad was acquired when the location was filed. Alger was then the sole owner of all the land described in his petition, and he alone was the proper party to recover damages for that location. *Boynton* v. *Peterborough & Shirley Railroad,* 4 Cush. 467. *Moore* v. *Boston,* 8 Cush. 274. *Old Colony Railroad* v. *Miller,* 125 Mass. 1. *Drury* v. *Midland Railroad, ubi supra.*

His subsequent grantees could not recover any damages for the taking in 1851 under their petitions. They could only recover for damages caused by the new location in 1854. It does not clearly appear whether the new location took more of the land of Washburn and of Reed and Alger than the first one did. If it did, they would be entitled under their petitions to recover

for the land thus taken; if it did not, they might be able to recover only nominal damages. But their assignees only transferred the claims, whether great or small, which they made, and which they could enforce under these petitions. Any claims which they had against Alger for breaches of his covenants were not assigned to the plaintiff. Without considering whether such subsequent conveyances operated as equitable assignments, of a part of the land damages which Alger was entitled to recover, to his grantees, it is clear that the present plaintiff cannot maintain this bill.                              *Bill dismissed.*

*R. R. Bishop & G. Wigglesworth,* for the plaintiff.
*W. Gaston & J. C. Coombs,* for the defendant.