HANNAH SMITH *vs.* NEW YORK AND NEW ENGLAND
RAILROAD COMPANY.

Suffolk.    March 8. — May 11, 1886.    W. ALLEN & HOLMES, JJ., absent.

A right of way by prescription cannot be acquired over a railroad, whose location runs through the land of the person claiming such right, while the railroad corporation neglects to comply with a decree of the county commissioners, under the Rev. Sts *c.* 39, § 61, made upon the petition of such landowner, that the corporation give security for the payment of damages for the land taken, and no payment or settlement of such damages is made.

TORT for the obstruction of an alleged right of way across the defendant's railroad in that part of Boston formerly Dorchester.    At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.    The facts appear in the opinion.

*J L. Eldridge*, for the plaintiff.

*W. C. Loring & R. M. Saltonstall*, for the defendant.

DEVENS, J.  The plaintiff's argument concedes that, as no right of crossing the defendant's railroad was reserved in the location made by the Boston and New York Central Railroad Company (to whose title the defendant has succeeded) nor ordered by the county commissioners, such rights as she or her predecessor in title had to this crossing were extinguished, unless they have since been reacquired by prescription.  The location made in 1854 by the railroad corporation was of a strip five rods in width, running from north to south, through the land of one Wales, under whom the plaintiff claims, and cutting off his means of communication between the east and west portions of his estate except by crossing the railroad.  The plaintiff offered evidence that Wales, from that time to 1865, when he died, and subsequently the plaintiff, his daughter, and other heirs, adversely and continuously had used the way across the railroad, which the defendant is now charged with obstructing; and that, when the crossing and planking of the road were out of order, these had, on his or their complaint, been repaired by the corporation.

At the trial, upon the request of the defendant, the presiding judge ruled that no adverse use of the crossing existing for the period of twenty years had been shown, and this for the reason that, from 1855 to 1864, no security had been given for the payment of damages by the Boston and New York Central Railroad Company, which had been ordered, nor had any payment or settlement of the damages been made; and thus that the right and authority of the corporation, during that time, to enter upon and use said land ceased, except for the purpose of making surveys, by reason of the statutory provision applicable to such a case.

That any user of such a crossing must be adverse to the right, real or supposed, of the railroad corporation in order to afford ground for a prescriptive title, cannot be controverted.  If the possession of a parcel of real estate, or user of an easement therein, as of a right of way over it, can be accounted for consistently with the rights of one having the title thereto, no presumption arises in favor of the possessor as against such person.  The presumption arises from the difficulty or impossibility of accounting for the possession or user, except by assuming that a

grant or other conveyance from the original owner conferring the right is in existence. If Wales himself, therefore, was rightfully, by reason of his original title, in possession and occupation of this way from 1854 to 1865, he would gain no title thereby, as against the defendant, as such possession is referred to his own title, and was not adverse to that of the railroad corporation, but was consistent with its rights, whatever those might be.

On December 28, 1854, Wales petitioned the county commissioners that the railroad should be compelled to give security for damages for taking his land, alleging, as one of his grounds of damage, the cutting off his rights of way.  Upon this petition, a decree was made, ordering the company to give security in the sum of $4000, which requirement was wholly neglected. The Rev. Sts. *c.* 39, § 61, were then in force, which, after providing for an application similar to that made by Wales, and for the order thereon, conclude by adding, that " all the right or authority of said corporation to enter upon or use said land or other property, except for making surveys, shall be suspended until they shall give such security."  The effect of this order, and of the non-compliance therewith, was to entitle Wales at once to the possession of this land, and to deprive the corporation of the right to the use thereof.  This possession continued in Wales until May 21, 1864, when he made a settlement of his damages with the railroad corporation which had succeeded to the rights of the Boston and New York Central Railroad Company.  While Wales was entitled to possession, and was lawfully in possession, it cannot be said that this was not by virtue of his lawful right.  During this period, the corporation was permitted to make use, to a greater or less extent, of the railroad location, but, in so doing, the corporation was acting by his permission.  That which he did was not done by its permission, or in assertion of any adverse right.  It could not object to his use of this way, while he was entitled to restrain its use of its railroad, if he had so desired.  A non-appearing grant or a prescription is not to be presumed when title is shown to which Wales's use and enjoyment of this way can be ascribed.  *Atkins* v. *Bordman*, 20 Pick. 291, 302; *S. C.* 2 Met. 457, 465.  *Drake* v. *Curtis*, 1 Cush. 395, 416.

Where a street was laid out, but not ordered to be completed nor any act done equivalent thereto, which was necessary under the right given to the town of Boston in the laying out of streets in South Boston, in order to make its title perfect, it was held that there could be no adverse possession by the landowner, as his possession was perfectly consistent with the rights of the town. *Henshaw* v. *Hunting*, 1 Gray, 203, 218. *Arnold* v. *Stevens*, 24 Pick. 106.

The plaintiff contends that Wales waived the security to which he was entitled. If he did so, it was only to the extent to which he permitted the railroad to use the land. He did not waive his right to use this crossing. He certainly could not have been sued in trespass by the railroad corporation for crossing the railroad, because he permitted it to use the road. His permission to the corporation went no further than those acts which he allowed, nor had he waived or surrendered his right to do that which he actually did.                    *Exceptions overruled.*