MARK GOOGINS & another *vs.* BOSTON AND ALBANY RAIL-
ROAD COMPANY.

Suffolk.   December 2, 1891. — February 24, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Railroad Taking — Easement — Extinguishment of Private Way.*

The St. of 1866, c. 278, § 3, giving a railroad corporation power to take certain "railroad property," and "to locate, construct, and maintain a railroad thereupon," followed by a description including "any intervening lands, to whomsoever belonging," authorizes the taking of the land, and not merely the right, title, and interest of the former holder of the property; and a location by which the corporation purports to take the "railroad property," describing it, "and also all land described in a paper annexed," which in terms includes land over which a right of way exists in a third person, is a taking of the land itself, and extinguishes the right of way.

BILL IN EQUITY, filed on December 23, 1889, by Mark Googins and Ellis F. Miller, to restrain the defendant corporation from obstructing an alleged right of way over its railroad in East Boston.   The case was heard by *Knowlton,* J., who, at the request of the parties, reported it for the consideration of the full court; such decree to be entered as the court might determine.   The material facts appear in the opinion.

.*J. Lowell & W. H. H. Emmons,* for the plaintiffs.

*W. Hudson,* (*S. Hoar* with him,) for the defendant.

HOLMES, J.   We assume in favor of the plaintiffs that they had a right of way across the tracks of the Grand Junction Railroad and Depot Company at the time of the taking by the Boston and Worcester Railroad Company, to whose rights the defendant has succeeded.   But we are of opinion that the St. of 1866, c. 278, § 3, authorized the taking of the land in question, and not merely of the right, title, and interest of the Grand Junction Company, and we are of opinion that the taking in fact was of the land, and was paramount to the plaintiff's right of way.

The statute authorizes the Boston and Worcester Railroad Company "to take . . . the railroad property heretofore known as the Union Railroad and Grand Junction Railroad, . . . and to locate, construct, and maintain a railroad thereupon."   Then follows a description, the material part of which is "thence

upon and over any intervening lands, to whomsoever belonging." The words on their face exclude the construction that they only grant the right to take an existing railroad. The same thing is shown by the words just before those which refer to the locus: " On or adjoining any location either of the Grand Junction Railroad and Depot Company, or of the East Boston Freight Railroad Company, or of the Eastern Railroad Company."

There is no reason to construe the location as taking less than the statute authorizes. The language is " do hereby . . . take the railroad property heretofore known as the Union and Grand Junction Railroad, . . . and also all land described " in a paper annexed. That paper directly, and by reference to a plan, includes the locus. It should be observed also that the width and boundaries of a large part of the location vary from the width and boundaries of the earlier road. In general, when land is taken for a railroad, and no right of crossing is reserved in the location or ordered by the county commissioners, it is not subject to such a right, even if without it an owner will be cut off from access to his land. *Old Colony Railroad* v. *Miller,* 125 Mass. 1, 5. *Smith* v. *New York & New England Railroad,* 142 Mass. 21, 22. *Abbott* v. *New York & New England Railroad,* 145 Mass. 450, 460. *Boston Gas Light Co.* v. *Old Colony & Newport Railway,* 14 Allen, 444.

It is argued that the rule that private ways are destroyed is an implication from the provision that damages for the obstruction of a private way occasioned by a railroad crossing it are not to be recovered unless application is made within one year; (Gen. Sts. c. 63, § 28 ; see Pub. Sts. c. 112, § 137 ;) and that this cannot apply when the right of way is over an existing railroad track, because in such a case the new road over the same tracks cannot be said to obstruct the private way. The way was subject to just that obstruction already. But the reason why the plaintiff's way is destroyed is that the defendant has the right to take land given it by the statute ; that land includes easements ; (Gen. Sts. c. 3, § 7, cl. 10 ; see Pub. Sts. c. 3, § 3, cl. 12 ;) and that, as matter of construction, when a railroad takes land and does not mention the way in its location, it does not leave outstanding a right which presumably will be inconvenient to it, and to a certain extent inconsistent with

the purposes of the taking. *Ham* v. *Salem*, 100 Mass. 350, 351. Where there has been such a taking, and consequent extinction of a right of way across an existing railroad track, we see no reason why the same track, being thenceforward maintained by a new title paramount to the old one and to the plaintiff's easement, should not be regarded as a sufficient obstruction within the meaning of the statute referred to, if that statute is applicable. *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1. But the question before us is not whether the plaintiff's right to apply for damages accrued, but whether their supposed right of way continued after the taking of 1866. That question we have answered. *Bill dismissed.*