## New York, New Haven, and Hartford Railroad Company *vs.* Charles Miller.

Barnstable.    March 11, 1896. — April 1, 1896.

Present: Field, C. J., Allen, Holmes, Knowlton, & Morton, JJ.

*Law of Ways of Necessity in its Application to Railroads — Statute.*

The St. 1892, c. 171, entitled " An Act to require railroad companies to maintain crossings to give access to lands cut off by railroads," includes only cases in which no compensation is paid by the railroad company for cutting off access to land, and does not apply where — the jury in assessing damages several years before the statute was passed having included nearly if not quite the whole value of the land cut off by the railroad — the owner now claims a right of way across the location of the railroad by necessity.

Tort, for forcibly entering within the limits of the location of the Old Colony Railroad Company, the plaintiff's predecessor in title, and removing a fence.    Trial in the Superior Court, before *Braley*, J., who reported the case for the determination of this court, in substance as follows.

In 1872 the Old Colony Railroad Company, in laying out and constructing a branch railroad from Buzzard's Bay to Wood's Holl, included in the location a strip of land belonging to the defendant, situated in West Falmouth.    No right of way was reserved to the defendant by the railroad company across this strip, which strip divided the defendant's land, and left one portion lying on the westerly side of the location, and entirely inaccessible except by crossing the location or by trespassing upon lands of others.    This tract of land contained about five acres, was used by the defendant for agricultural purposes, being meadow land from which he cut hay, and also included the whole of his orchard.    It had upon it ice-houses, in which he stored all his ice, which he gathered from a pond that bounded the land upon the west.    No right of way across this location has ever been laid out by the county commissioners ; but at the time of the original taking an award was ·made the defendant by them under due proceedings, from which an appeal was taken to the Superior Court.    At the trial of that case, damages were assessed

upon the ground, among other things, that no right of crossing the location had been reserved or shown. Upon exceptions of the petitioner, the case came to this court, and is *Old Colony Railroad* v. *Miller*, 125 Mass. 1, and may be referred to, and so far as any statement of fact is contained therein may be considered as undisputed evidence in this case.

Since the taking and the award of damages, which were duly paid, the defendant has passed and repassed across the location in one place, and as a way across the location, but not uninterruptedly, and has acquired no right of way by prescription, either as against the Old Colony Railroad Company or the plaintiff, its lessee. In March, 1895, the plaintiff placed fences and obstructions across the way at different times, which the defendant removed. This action was brought to recover nominal damages for the removal of the fences, and to settle the rights of the parties. The defendant contended that, notwithstanding no right of way was reserved in the original location or had been granted by the county commissioners, the right of way arose from necessity, and that not being able to make any use of the portion lying westerly of the location unless he had such right of way, he was entitled to have access to it across the tracks of the plaintiff. The plaintiff contended that a way of necessity did not exist under the taking; that there was no way by necessity, and there could be no right of way acquired, except by prescription, or unless the same was laid out by the county commissioners at the time of making the award, and that the defendant could not set up a way by necessity as a defence to the action.

The judge ruled, as matter of law, that no right of way by necessity in favor of the defendant existed across the location to connect the easterly and westerly portions of the farm, and ordered judgment for the plaintiff for nominal damages, in the sum of one dollar. If the ruling was right, the judgment was to be affirmed; otherwise, judgment was to be entered for the defendant.

*R. O. Harris*, for the defendant.

*G. P. Wardner*, for the plaintiff.

KNOWLTON, J. In *New York & New England Railroad* v. *Railroad Commissioners*, 162 Mass. 81, it was held that the St.

of 1892, c. 171, was constitutional, and was intended to apply to the cases then before the court, on the ground that, when a railroad company takes the title to land for its railroad under a warranty deed instead of by a taking and an assessment of damages, the same rule applies in regard to ways of necessity as when land is purchased for other uses. In regard to the question raised in the present case, this language was used in the opinion : " Our decisions hold that, when land over which there is no public way is *taken* for a railroad, there is no right of crossing it except as prescribed by the county commissioners, but the statute assumes that the county commissioners when requested will establish crossings where they are reasonably necessary." Pub. Sts. c. 112, § 113. In this particular, the duty put upon the county commissioners secures to the landowner an advantage as great as the law gives when one has sold land which furnishes his only means of access to his remaining land, but if the county commissioners assess damages without ordering the construction of a crossing, the petitioner's damages are for an absolute control by the railroad company of the land taken, which leaves him no right to cross. *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1. *Old Colony Railroad* v. *Miller*, 125 Mass. 1. *Googins* v. *Boston & Albany Railroad*, 155 Mass. 505. If the landowner elects to have his damages assessed in that way, the railroad company failing to have a legal right to cross secured to him, it would be most unjust to permit him afterwards to have a way over the railroad against the objection of the railroad company.

The St. 1892, c. 171, does not apply to this case. By its terms it includes only cases in which no compensation is paid by the railroad company for cutting off access to a part of the petitioner's lands. It seems to have been enacted with particular reference to cases where lands are bought for a railroad. The defendant's damages were allowed and paid upon the theory that he was permanently deprived of his right of access to the lands on the opposite side of the railroad. At the trial in the Superior Court he insisted upon being treated as without a legal right to pass to this land, and he maintained his contention upon exceptions taken by the railroad company to this court. *Old Colony Railroad* v. *Miller, ubi supra.* It would seem that in assessing his

damages the jury included nearly if not quite the whole value of the land cut off. The application at this time of the rule which has been laid down in other cases, and which he invoked when his damages were assessed, does him no injustice.

*Judgment affirmed.*