JOHN IMBESCHEID *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    January 20, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Eminent Domain — Damages — Interest from Date of Taking.*

Where the owner of land and buildings retains possession after the taking by a railroad corporation conformably to law, the rights of the parties growing out of that possession are not to be settled in the proceedings for damages occasioned by the taking; and the owner is entitled to interest from the time of the taking to the date of the verdict.

PETITION, for an assessment of damages occasioned to the land and buildings of the petitioner in Boston by a taking by the respondent, under St. 1892, c. 433, entitled "An Act relating to the abolition of certain grade crossings of the Boston and Providence Railroad," and St. 1893, c. 126, entitled "An Act in relation to raising the grade and changing the location of the Providence Division of the Old Colony Railroad in the city of Boston."

Trial in the Superior Court, before *Dewey*, J., who ruled that the petitioner was entitled to interest from the date of the taking, and, after a verdict for the petitioner, reported the case for the determination of this court. If the ruling was right, judgment was to be entered upon the verdict; otherwise, interest upon the damages awarded was to be deducted from the amount of the verdict, and judgment was to be entered for the remainder. The facts appear in the opinion.

*J. H. Benton, Jr.,* for the respondent.

*R. M. Morse,* (*T. F. Meehan* with him,) for the petitioner.

BARKER, J. The verdict is for damages assessed at the sum of $17,478.40 as of the day when the land and buildings were taken, and for an added amount for interest from the time of the taking to the date of the verdict. The petitioner refused to vacate the land and buildings when requested, after the taking, and continued to use and enjoy them for a year, and gave them up only when the respondent brought against him a bill in equity founded on the taking and the petitioner's refusal to give up possession. The question presented by the report is whether,

under these circumstances, the petitioner can recover in the present proceedings interest from the date of the taking.

The petitioner's loss of title occurred at the date of the taking. His compensation was then due, and his right to recover it with interest from that date is settled. *Parks* v. *Boston*, 15 Pick. 198, 208. *Reed* v. *Hanover Branch Railroad*, 105 Mass. 303. *Hampden Paint & Chemical Co.* v. *Springfield, Athol, & Northeastern Railroad*, 124 Mass. 118. *Old Colony Railroad* v. *Miller*, 125 Mass. 1, and cases cited. *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, 550. *Bancroft* v. *Cambridge*, 126 Mass. 438, 440. *Drury* v. *Midland Railroad*, 127 Mass. 571, 585. *Sherwin* v. *Wigglesworth*, 129 Mass. 64. *New York & New England Railroad* v. *Drury*, 133 Mass. 167. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126. *Sawyer* v. *Boston*, 144 Mass. 470.

From the date of the taking the petitioner's possession was no longer that of an owner, but of an occupant in possession, without right and against the defendant's right. Of whatever value this actual possession without right may have been to the petitioner, or whatever damage it may have caused to the defendant, it is immaterial to the present case. The statute makes no provision that such an occupation shall be considered in reduction of damages, or set off against interest. In many instances the whole of an owner's land is not taken, and the damages have regard not only to the value of the land taken but to the effect of the taking upon the value of other lands of the same owner. It is important to have a definite rule for their assessment, and one as simple as may be. The rule adopted leaves upon one side, unless perhaps where it is admitted that there has been a definite agreement of the parties to the contrary, all questions growing out of the occupancy of the premises by the former owner after the date of the taking, as well as all questions of agreement as to the mode of use of the property or rights acquired under the taking, and awards compensation upon the theory that the owner is to be paid for what is the legal effect of the taking, his damages assessed as of its date, and with interest because the damages were not paid when due. *Old Colony Railroad* v. *Miller*, 125 Mass. 1. *Gardner* v. *Brookline*, 127 Mass. 358, 364. *Howe* v. *Weymouth*, 148 Mass. 605, 607. *Googins* v. *Boston & Albany Railroad*, 155 Mass. 505.

*Roberts* v. *Cambridge*, 164 Mass. 176, 180.  *New York, New Haven, & Hartford Railroad* v. *Miller*, 165 Mass. 514.  If, as in the present case, the owner retains possession after the taking, the rights of the parties growing out of that possession are not to be settled in the proceedings for damages occasioned by the taking.                                *Judgment on the verdict.*