## WILLIAM O. WILEY *vs.* CITY OF BOSTON.

Suffolk.     March 4, 5, 1902. — April 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Landlord and Tenant.     Contract,* Construction.

In July, 1896, the plaintiff's land and buildings had been taken by the Boston transit commissioners under St. 1894, c. 548, and had been paid for in full. Thereafter the plaintiff continued his occupation until January 13, 1897, when the commissioners passed and communicated to him the following vote: " Voted, That W. [the plaintiff] be notified to pay for the occupancy of the portion of Lockwood's Wharf in Charlestown one hundred dollars per month from August 1, 1896, to January 1, 1897, to be paid forthwith, and at the rate of one hundred dollars per month from January 1, 1897, as long as his occupancy of the premises is not disturbed, or until he vacates the premises, and at a proportionate rate if his occupancy is disturbed, either party to have the privilege of terminating this agreement on giving one month's notice in writing; and that if these terms are not accepted on or before January 16, 1897, he must vacate the premises forthwith or immediate possession will be taken." The plaintiff complied with the terms of payment named in the vote and continued to occupy the premises, paying rent up to October 1, 1897. On October 30 he was notified to vacate and on November 4 was ejected by one to whom the commissioners had given a lease for the purpose. The plaintiff sued the city for damages. *Held,* that the plaintiff could not recover; that the vote gave him no right of possession but only permission to occupy until disturbed, and that the provision as to terminating the agreement on giving one month's notice in writing related only to the arrangement as to the price to be paid.

CONTRACT and TORT, with a count in each, for the alleged wrongful ejection of the plaintiff from certain land and a wharf and buildings in that part of Boston called Charlestown, alleged to have been let to the plaintiff by the transit commissioners of the defendant, and for the destruction of the buildings by them before the plaintiff's alleged right of occupation expired. Writ dated February 15, 1899.

At the trial in the Superior Court before *Maynard*, J., it appeared, that in July, 1896, the transit commissioners under St. 1894, c. 548, took the land, wharf and buildings, then belonging to the plaintiff, for the purposes of a new bridge to Charlestown. In January, 1900, the plaintiff recovered judgment for $10,000 as damages for such taking.

After the taking and until shortly before January 13, 1897, the plaintiff remained in possession of the premises without interruption.

On January 13, 1897, the transit commissioners passed the following vote which was transmitted to the plaintiff:

" Voted, That W. O. Wiley be notified to pay for the occupancy of the portion of Lockwood's Wharf in Charlestown one hundred dollars per month from August 1, 1896, to January 1, 1897, to be paid forthwith, and at the rate of one hundred dollars per month from January 1, 1897, as long as his occupancy of the premises is not disturbed, or until he vacates the premises, and at a proportionate rate if his occupancy is disturbed, either party to have the privilege of terminating this agreement on giving one month's notice in writing ; and that if these terms are not accepted on or before January 16, 1897, he must vacate the premises forthwith or immediate possession will be taken."

Upon receiving a copy of this vote the plaintiff forthwith paid $500 in accordance with its terms and paid $100 on or about the first day of every month up to and including October 1, 1897.

On October 22, 1897, the city of Boston by its transit commissioners made a contract with one O'Connell for the construction of an approach to the Charlestown bridge over the premises, whereby the contractor was to remove existing structures and the materials thereof were to become his property. On October 28 and 29 there were communications between O'Connell, the plaintiff and the commissioners. On October 30 the com-

missioners made a lease dated November 1 to O'Connell, who demanded possession from the last named day, and ·on November 4, after an unsuccessful attempt the day before, entered and took possession and tore down the buildings against the objection and protest of the plaintiff.

At the close of the evidence the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*C. W. Bartlett & G. A. Blaney,* for the plaintiff.

*T. M. Babson,* for the defendant.

LORING, J.   We are of opinion that the plaintiff is wrong in his contention that under the vote, of the transit commissioners dated January 13, 1897, he was entitled to thirty days' notice before his possession of the premises could be interfered with. The land in question and all " the buildings thereon standing " were taken by the Boston transit commissioners in July, 1896. This vested the title in the city of. Boston, and the plaintiff's right of possession was ended. St. 1894, c. 548, § 31. *Imbescheid* v. *Old Colony Railroad,* 171 Mass. 209. Notwithstanding this the plaintiff remained in possession for over five months and until January 13 when the transit commissioners passed the following vote :

" Voted, That W. O. Wiley be notified to pay for the occupancy of the portion of Lockwood's Wharf in Charlestown one hundred dollars per month from August 1, 1896, to January 1, 1897, to be paid forthwith, and at the rate of one hundred dollars per month from January 1, 1897, as long as his occupancy of the premises is not disturbed, or until he vacates the premises, and at a proportionate rate if his occupancy is disturbed, either party to have the privilege of terminating this agreement on giving one month's notice in writing; and that if these terms are not accepted on or before January 16, 1897, he must vacate the premises forthwith or immediate possession will be taken."

This vote did not purport to give the plaintiff any right of possession; but to fix the sum which should be paid by him so long as his occupancy was not disturbed by the city of Boston or those acting under the title of the city.   The right of the city or those acting under the title of the city to end the occupancy of the plaintiff was left undisturbed and was expressly recognized in the vote by the provision that the hundred dollars

should be paid " as long as his occupancy of the premises is not disturbed " and " at a proportionate rate if his occupancy is disturbed."

The thirty days' notice was to end this arrangement as to the price to be paid so long as the plaintiff's occupancy was not disturbed; but the occupancy could be disturbed at any time.

The plaintiff had no right of possession when he was put out on November 4 and therefore cannot maintain his action in tort. He paid only until October 31 and therefore nothing is due to him on which he could maintain an action of contract.

*Exceptions overruled.*