## DWIGHT B. LOOK *vs.* CLARENCE KENNEY.

Worcester.    October 3, 1879; January 12. — February 25, 1880.

A. and B. were in partnership. B. died and A. was appointed his administrator.
    Subsequently, to secure his debt to the firm, a debtor of the firm executed a
    mortgage of land, in which the consideration was stated to be paid by " A. and
    the estate of B.; " the same form was used in designating the grantees; and a
    power of sale was given to " said grantees." *Held*, that A., as administrator,
    was sufficiently designated as one of the grantees; that the whole legal title was
    vested in him, one half to his own use, and the other as administrator; and that
    his omission to describe himself as administrator in a deed given in execution of
    the power to sell did not invalidate the deed.

CONTRACT upon a written agreement entered into on June 2,
1879, by the terms of which the plaintiff agreed to sell, and
the defendant agreed to buy, a parcel of land in Leominster for
$100, and an undivided half of another parcel of land in the
same town for $40, the plaintiff to convey the same to the de-
fendant within thirty days, "by a sufficient deed to give him a
clear title thereto, free of all incumbrances." The case was sub-
mitted to the Superior Court, and, after judgment for the defend-
ant, to this court on appeal, on an agreed statement of facts in
substance as follows:

The plaintiff within the thirty days tendered to the defendant
a deed of said land, properly executed and sufficient in form to
give the defendant a clear title thereto, free of all incumbrances,

and demanded of him the sums agreed to be paid therefor, but the defendant refused to receive the conveyance or pay the consideration therefor, on the ground that the plaintiff had no title to the land, or, if he had any title thereto, that the land was not free of all incumbrances, and the plaintiff could not give him such a title as the agreement required.

The plaintiff's title to both tracts of land was derived through a mortgage deed given by Joseph Collins, dated January 1, 1876, and duly recorded, in which, in consideration of a certain sum to him paid " by Dwight B. Look and the estate of William Tilton," the premises were conveyed " unto the said Dwight B. Look and Tilton estate, their heirs and assigns," *habendum* " to the said Look and Tilton estate, and their heirs and assigns ; " and it was provided that upon breach of condition " the said grantees, or their executors, administrators or assigns, may sell." The plaintiff, claiming to be sole mortgagee of the whole land covered by the mortgage which had not been released, including that in question, sold the land under the power to himself.

The plaintiff was the only surviving partner of the late firm of Tilton & Look, composed of himself and William Tilton, referred to in said mortgage, who died on December 7, 1873, leaving a large amount of personal property after paying his debts, besides his interest in the firm. At the time of Tilton's death, the firm held a note for $2700, given to it by Collins, and secured by a pledge of railroad stock. At the date of the mortgage, Collins desired to use the stock so pledged and still held by the plaintiff, and proposed to give the latter in place of the note and stock a new note for $2700, secured by a mortgage on real estate, which the plaintiff consented to take, and the above mortgage and a note, payable to Dwight B. Look and William Tilton estate, were duly executed and delivered by Collins to the plaintiff, who thereupon transferred the stock to Collins.

Prior to August 8, 1876, the plaintiff, as surviving partner, and also being sole administrator of the estate of Tilton, had so far settled up the affairs of the firm as to have agreed with the parties interested therein that, as a portion of his share of the assets of the firm, he would take the note and mortgage made by Collins, and allow therefor the amount due thereon, and had accounted to them for the same.

On August 8, 1876, Collins sold one of the tracts of land covered by the mortgage, but not including any part of the land in question, for $600, and paid the money to the plaintiff, who indorsed it on the note, leaving $2100 and interest due thereon, and released the land sold from the mortgage. The balance of the debt secured by the mortgage has never been paid nor the mortgage discharged.

The case was argued at the bar in October 1879, by *C. H. Merriam*, for the plaintiff, and *H. C. Hartwell*, for the defendant, and arguments in writing were submitted by the same counsel in January 1880.

GRAY, C. J. By our statutes, the legal title in a mortgage of real estate held by a deceased person, as well as the debt secured thereby, vests in his executor or administrator, and may be foreclosed or discharged by him; and he is seised of all mortgages, under which possession has been taken, in trust for those who would be entitled to the money in case of redemption. Gen. Sts. *c.* 96, §§ 9, 10. The mortgage reciting the payment of the consideration money " by Dwight B. Look and the estate of William Tilton," conveying the land "unto the said Dwight B. Look and Tilton estate," and containing a power of sale to " said grantees," sufficiently designated as one of the grantees the administrator of the estate of Tilton; and it being agreed that Look was such administrator, the whole legal title vested in him, one half to his own use and the other half as administrator of Tilton's estate in joint tenancy. *Shaw* v. *Loud*, 12 Mass. 447. *Lawrence* v. *Fletcher*, 8 Met. 153. *Pomeroy* v. *Latting*, 2 Allen, 221. Gen. Sts. *c.* 89, § 14. The whole legal estate and the power of sale being vested in Look only, and he having undertaken to convey the whole estate in execution of the power, the deed was not invalidated by the omission to describe himself therein as holding one half as administrator, but conveyed a clear title which will support this action. *Cook* v. *Griffin*, 1 Dane Ab. 581. *Cooper* v. *Robinson*, 2 Cush. 184. *Sheldon* v. *Smith*, 97 Mass. 34. *Hall* v. *Bliss*, 118 Mass. 554.

*Judgment for the plaintiff.*