UHLAND CLUB *vs.* ERNEST SCHUPBACH & another.

Suffolk.    March 23, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Damages of Leaseholder for Property taken by Right of Eminent Domain.*

A lessee of real estate, which has been taken by a railroad company under the right of eminent domain, cannot, after his remedy against the company has been barred by lapse of time, maintain an action against the lessor to recover a part of the sum paid to him by the railroad company when the lessor, acting for himself alone, settled an action for damages brought by him against the railroad company, and gave to it a deed of the property previously taken.

CONTRACT, for money had and received by the defendant to the use of the plaintiff, with a second count for breach of the covenants of a lease.  Writ dated October 19, 1895.

At the trial in the Superior Court, before *Sheldon*, J., there was evidence tending to show that when the action was commenced the plaintiff was a lessee of the defendants, under a written lease for three years from January 1, 1893, of a portion of certain premises in Boston, which, on June 23, 1894, were taken by the Old Colony Railroad Company under the right of eminent domain; that on June 21, 1895, the defendants filed a petition in the Superior Court for the assessment of damages caused by such taking, and, not long thereafter, they gave to the railroad company a deed of the land so taken, and received the sum of $10,250 in settlement of their claim; and that in the course of the settlement no mention was made by them of any claim against the railroad company by their tenants.  There was also evidence tending to show that in the early part of July, 1895, in conversations between the defendant Schupbach and members of the plaintiff club, the latter expressed their intention of taking independent measures for the recovery of damages for the interruption of their lease.  This was all the material evidence in the plaintiff's case, and at its close the judge, at the request of the defendants, ruled that the action could not be maintained, and directed the jury to return a verdict for the defendants.  The plaintiff alleged exceptions.

*E. H. Savary*, for the plaintiff.

*W. I. Badger*, (*F. P. Sears* with him,) for the defendants.

KNOWLTON, J.   The plaintiff had a leasehold interest in the defendants' real estate, which was taken by the Old Colony Railroad Company by special authority of the Legislature under the right of eminent domain.   The plaintiff might have made a claim against the railroad company for damages for being deprived of its rights under the lease, and in that case, in the absence of an agreement, its damages, if any, would have been assessed with those of the defendants in accordance with the provisions of Pub. Sts. c. 49, §§ 18, 19, and St. 1883, c. 253. No such claim was made by the plaintiff, and the claim of the defendants, which was pending on a petition filed in the Superior Court, was settled by the railroad corporation by paying an agreed price on the receipt of a deed of the property subject to the previous taking.   At that time the right of the plaintiff to prosecute its claim for damages had expired by limitation.   Its lease had less than six months longer to run, and if it be assumed that there was a possibility of reverter to the original owners upon a termination of the franchise of the railroad company, and an abandonment of the use for which the property was taken, there was nothing more than a technical possibility that this would happen within the six months.   The defendants in collecting their claim were not in fact acting, and did not profess to be acting, for the plaintiff, whose claim had been barred by lapse of time.   In making their deed they conveyed little, if anything, of value, inasmuch as the property had previously passed by a taking for a public use which was almost certain to be perpetual.   Certainly it conveyed nothing of any value from the plaintiff's leasehold estate.   There was no legal or equitable relation between the plaintiff and the defendants in this transaction, and no part of the money received by the defendants belonged to the plaintiff.

This conclusion might be reached on another ground.   The evidence introduced by the plaintiff showed that the rental value of its estate was only the same as the rent reserved by the lease, and that the plaintiff therefore suffered no actual damage which could have been recovered on account of the taking.

*Exceptions overruled.*