THOMAS PEGLER *vs.* INHABITANTS OF HYDE PARK.

Norfolk.    March 7, 8, 1900. — May 16, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Eminent Domain — Evidence as to Value of Property taken — Set-off of Value of Petitioner's Occupation after Taking — Damages of Landlord and Tenant — Cancellation of Lease — Interest.*

Upon the trial of a petition for the assessment of damages for the taking for a public purpose of a leasehold estate in property used for greenhouses, evidence of the value of the plants, flowers, and potted soil of the petitioner on the premises, and of the amount of business done by him, is admissible only as bearing upon the question of the capacity of the real estate for use, the view of the premises taken by the jury not enabling them to see the property as it was at the time of taking, as the greenhouses had been taken down and a part of the land had been filled up.

On a petition for the assessment of damages for the taking of property for a public purpose, the respondent cannot set off against the petitioner's claim for damages the value of the petitioner's occupation of the property for a time after the taking.

If, in the case of the taking of an estate for a public purpose, the landlord is only paid his damages as reversioner, the lessee is entitled to receive compensation for the injury to his interest; and the cancellation of the lease is not to be con-

sidered in estimating his damages; and under the statute, which applies to the case, interest does not begin to run until the land is entered upon for the purpose of construction.

PETITION, to the Superior Court, for a jury to assess damages for the taking of a leasehold estate in property used for greenhouses. The lease was for the term of five years from November 1, 1896, and the taking was on May 7, 1897. The petitioner vacated the premises on March 31, 1898, by reason of the taking, and on April 1, 1898, made an agreement with the lessor whereby the lease was cancelled. At the trial in the Superior Court, before *Richardson*, J., the jury returned a verdict for the petitioner; and the respondent alleged exceptions, which appear in the opinion.

*J. E. Cotter & A. F. Clarke*, for the respondent.

*H. H. Smith*, for the petitioner.

KNOWLTON, J. The petitioner's leasehold estate in property used for greenhouses was taken under St. 1896, c. 257, and 1890, c. 428. Under § 5 of this last statute, as amended by St. 1891, c. 123, the damages are to be determined " in the same manner and under like rules of law as damages may be determined when occasioned by the taking of land for the locating and laying out of railroads and public ways, respectively, in such city or town." This land was taken for a way.

The evidence of the value of the plants, flowers, and potted soil of the petitioner on the premises, and of the amount of business done by him, was admitted only for a single purpose, and was carefully limited in the instructions to the jury. The jury were told that no damages could be allowed for the good will, or for injury to the business or to the plants or flowers, and that this evidence was admitted only as bearing upon the question of the capacity of the real estate for use. The view of the premises which the jury had taken did not enable them to see the property as it was at the time of the taking, for the greenhouses had been taken down and a part of the land had been filled up. We are of opinion that with this instruction no injustice was done to the respondent by the admission of the evidence. *Maynard* v. *Northampton*, 157 Mass. 218. *Teele* v. *Boston*, 165 Mass. 88, 92.

The judge rightly ruled that the respondent could not set off

against the petitioner's claim for damages the value of his occupation of the property for a time after the taking. This subject has been considered in different aspects in several cases, and it is unnecessary to discuss it. *Edmands* v. *Boston*, 108 Mass. 535. *Old Colony Railroad* v. *Miller*, 125 Mass. 1. *Imbescheid* v. *Old Colony Railroad*, 171 Mass. 209.

The cancellation of the petitioner's lease was not to be considered in estimating his damages. This is not a case in which the entire damages for the taking of the land are to be estimated at one time, as they would be if the owner of the reversion had not been paid. In such a case, if there had been an assignment of a lease to the landlord, or a cancellation of it with an assignment of the lessee's claim for damages, that fact would be material. *Dickenson* v. *Fitchburg*, 13 Gray, 546, 558. But in this case the landlord was only paid the damages to her own estate as reversioner, and the petitioner is entitled to receive compensation for the injury to his interest. His interest at the time of the taking was as lessee entitled to hold the whole property to the end of his term. When he entered into the agreement with the landlord to cancel the lease, his interest was in property, a part of which had been taken, so that the remainder was of little value for the use for which it was leased. In the arrangement which he made to give up the lease, the value of his interest in its damaged condition was the subject of the contract, and presumably the terms which he was able to make with the landlord were much less favorable than they would have been if the property had not been injured by the taking. He made no assignment of his claim for damages, and the only way in which he can obtain compensation for the loss of value in the unexpired term of his lease is in this proceeding.

In cases of this kind interest is allowed upon the damages ascertained from the time when they were payable, which ordinarily is the time of the taking. *Parks* v. *Boston*, 15 Pick. 198, 208. *Imbescheid* v. *Old Colony Railroad*, 171 Mass. 209. By the Pub. Sts. c. 49, § 14, when land is taken for a public way, damages cannot be ordered paid, and a person claiming damages has no right to demand them, until the land is entered upon and possession taken for the purpose of constructing the way. Under this statute, which applies to the present

case, the interest does not begin to run until the land is entered upon for the purpose of construction. *Edmands* v. *Boston*, 108 Mass. 535, 551.

It was agreed that if the court should hold the ruling of the presiding judge in this particular to be erroneous, the verdict should be reduced in the sum of $51.48. The verdict is to be diminished by this sum in accordance with the agreement, and the entry will then be            *Exceptions overruled.*