ALLEN HAY *vs.* COMMONWEALTH.

Essex.    January 13, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Damages.    Metropolitan Park Commission.*

One whose real estate is taken in fee by the metropolitan park commissioners under
St. 1894, c. 288, and St. 1895, c. 450, is entitled to interest from the date of the
taking, and not merely from the date on which he is required to remove from
the premises.

PETITION, filed April 18, 1901, for an assessment of certain
real estate of the petitioner in Nahant, taken in fee by the
metropolitan park commissioners under St. 1894, c. 288, and
St. 1895, c. 450.

In the Superior Court the case was tried before *Wait*, J.   The
jury found the value of the real estate at the date of the taking
to be $11,126.   The taking was on September 26, 1900, but the
petitioner was allowed to occupy the premises as a dwelling and
as a place for building and storing boats until July 25, 1901,
when he was required to remove and did remove from the prem-
ises.   The judge made the ruling as to interest which is stated
in the opinion, and reported the case for determination by this
court.   The terms of the reservation are stated by the court.

*W. H. Niles,* for the petitioner.

*R. G. Dodge,* for the Commonwealth.

MORTON, J.   The question in this case is whether the peti-
tioner is entitled to interest from the date of the taking which
was September 26, 1900, or from the date on which he was re-
quired to remove and did remove from the premises which was
July 25, 1901.   The judge ruled that he was entitled to interest
only from the latter date, and at the request of the petitioner
reported the question for the determination of this court.   If the
petitioner is entitled to interest from the earlier date the sum of
$1,385.19 is to be added to the verdict, and if from the latter
date the sum of $830.74 is to be added to it, and judgment is to
be entered for the sum as thus computed according as the court

finds that the interest should be reckoned from one date or the other.

The taking was by the metropolitan park commissioners under St. 1894, c. 288, and St. 1895, c. 450, and was of the fee. St. 1894, c. 288, § 5, provides that the "board shall estimate and determine as near as may be all damages sustained by any person or corporation by the taking of land, or any right therein under this act; but any one aggrieved by such determination of the board may have such damages assessed by a jury of the Superior Court in the same manner as is provided by law with respect to damages sustained by reason of the laying out of ways." The general rule is that interest is to be allowed from the time of the taking. *Parks* v. *Boston*, 15 Pick. 198. *Whitman* v. *Boston & Maine Railroad*, 7 Allen, 313, 326. *Reed* v. *Hanover Branch Railroad*, 105 Mass. 303. *First Baptist Society* v. *Fall River*, 119 Mass. 95. *Drury* v. *Midland Railroad*, 127 Mass. 571. *Old Colony Railroad* v. *Miller*, 125 Mass. 1, 3. *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544. *Imbescheid* v. *Old Colony Railroad*, 171 Mass. 209, and cases cited. Where land is taken for a highway the damages are not payable till entry is made upon the land for the purpose of constructing the way, and the statute of limitations does not begin to run till then. Accordingly it has been held that in highway cases interest is to be reckoned from the date of the entry and not from the date of the location. R. L. c. 48, §§ 13, 28, 69, 80. Pub. Sts. c. 49, §§ 14, 33, 69, 79. *Pegler* v. *Hyde Park*, 176 Mass. 101. But in the present case the title passed and the right to damages accrued upon the taking, and no suit for damages can be brought after two years from the recording of the taking which must be within sixty days after the taking. St. 1894, c. 288, § 5.

The taking is the point of time as of which the damages are to be assessed, and the general rule must therefore apply and interest be computed from the taking. The cases of *Edmands* v. *Boston*, 108 Mass. 535, and *Pegler* v. *Hyde Park*, *supra*, relied on by the defendant were both cases arising under statutes which provided that the rule of damages should be the same as in cases for the laying out of ways. There is no such provision in the statute under which the petitioner's land was taken in this case. The provision in the statute that the damages shall

be "assessed by a jury of the Superior Court in the same manner as is provided by law with respect to damages sustained by reason of the laying out of ways" has reference to the mode of procedure.

In accordance with the report $1,385.19 is to be added to the verdict and judgment entered accordingly.

*So ordered.*