## LYDIA N. RAYMOND *vs.* COMMONWEALTH.

Suffolk.    April 2, 1906. — June 25, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Eminent Domain.    Limitation, Statutes of.    Damages.    Deed.    Powers.*

Where private property is taken by the right of eminent domain for a public purpose, although the Constitution requires just compensation to be made to the owner, the period of limitation within which the remedy given is to be exercised is within the control of the Legislature, and if a landowner fails to take advantage of such a remedy within the time limited his claim for damages is lost.

St. 1902, c. 543, amended by St. 1905, c. 224, relating to the improvement of the State House and to the height of buildings on Beacon Street and Bowdoin Street in the city of Boston, providing compensation to the owners of land within certain territorial limits whose property was damaged more than it was benefited by the improvement of the State House, the limitation of the height of buildings and by the other improvements connected therewith, did not revive any rights under St. 1899, c. 457, relating to buildings within an area west of the State House, as amended by St. 1901, c. 417, and as extended by St. 1901, c. 525, § 4, to include certain estates east of the State House grounds, but constituted a new taking, and a person whose right to damages under the earlier statutes had expired by limitation before he filed a petition under St. 1902, c. 543, as amended by St. 1905, c. 224, on obtaining a judgment for damages upon his petition is entitled to interest only from June 28, 1902, the date of the only taking for which his petition can be maintained.

A testator devised to his adopted daughter " the use or rent of my mansion house and land . . . for and during her natural life with the right to dispose of the same as she shall think proper from the time of her death." There was no devise over. The will provided that the executor within two years from the death of the testator should dispose of the balance of his estate to a charity named. The testator's adopted daughter during her lifetime appointed the property to a certain person in trust to convey and dispose of it as she should direct, and this person by her direction conveyed it to her in fee simple. *Held*, that by the deeds the devisee became seised of the property in fee, and that on a petition for damages for a property right taken by eminent domain under statutory authority she was entitled to the whole award.

PETITION, filed May 4, 1905, by Lydia N. Raymond of Newburyport, under St. 1902, c. 543, as amended by St. 1905, c. 224, to recover the amount by which the lot on the corner of Park Street and Beacon Street in Boston was damaged more than it was benefited by the limitation of the height of buildings

to seventy feet, the laying out of the park east of the State House, and the other improvements connected therewith.

In the Superior Court the case was submitted to *Gaskill*, J. upon agreed facts. The petitioner acquired title to the property under the following clause in the will of Matthias P. Sawyer: " I give and bequeath to my adopted daughter Lydia N. Raymond wife of Curtis B. Raymond of Boston the use or rent of my mansion house and land on the corner of Beacon and Park Streets in the City of Boston for and during her natural life with the right to dispose of the same as she shall think proper from the time of her death." There was no devise over. The will near the end contained the following provision: " I direct that my Executor within two years from my death dispose of the balance of my estate to the Massachusetts General Hospital."

On December 6, 1905, after this petition was brought but before judgment, the petitioner appointed the property to Moorfield Storey in trust to convey and dispose of it as she should direct, and on the same day by her direction he conveyed it to her in fee simple.

The judge gave judgment for the petitioner in the sum of $41,447.50, which consisted of the amount of the petitioner's damages, $32,500, with interest from June 19, 1901. The judgment provided that this sum should be paid to a trustee appointed by the Probate Court under R. L. c. 48, § 19. Such a trustee was appointed, and appeared in the suit.

The Commonwealth appealed from the judgment on the ground that the court erred in allowing interest from June 19, 1901, and that it should have been allowed only from June 28, 1902.

In the Superior Court the Commonwealth also contended that the petitioner could recover nothing beyond the damage to a life estate in the property, but waived this point on appeal.

The petitioner appealed from so much of the judgment as provided that the damages should be paid not to her but to a trustee.

*D. Malone*, Attorney General, *W. P. Hall & F. T. Field*, Assistant Attorneys General, for the Commonwealth.

*E. R. Thayer & J. L. Motley*, for the petitioner.

BRALEY, J.   While under the right of eminent domain private property cannot lawfully be taken by the sovereign power without awarding just compensation to the owner unless he has assented, yet the public purpose and time of such appropriation as well as the period in which any remedy for the recovery of damages is to be exercised are in its exclusive control, and failure by the landowner to take advantage of the remedy works a forfeiture of any claim for damages.   *Talbot* v. *Hudson,* 16 Gray, 417, 424.   *Haskell* v. *New Bedford,* 108 Mass. 208, 214.   *Burnett* v. *Commonwealth,* 169 Mass. 417, 425.

By the St. of 1899, c. 457, the height of buildings within a small area west of the State House was restricted, and St. 1901, c. 525, § 4, by amendment extended the restriction to include certain estates lying easterly of the building and grounds, among which was that of the petitioner.   It was provided by the first named statute that petitions for damages should be brought within one year from June 2, 1899, the date of its passage, and this period was subsequently enlarged to three years by St. 1901, c. 417, but as the present suit was not begun until May 4, 1905, it cannot be maintained unless subsequent legislation either conferred a similar right or removed this limitation.   *Danforth* v. *Groton Water Co.* 176 Mass. 118, 120.   Upon the expiration of this limitation, then came St. 1902, c. 543, re-enacting the restriction as to the height of buildings which might be erected on the petitioner's estate, but this act granted a period of two years from June 28, 1902, when it took effect, within which a petition might be prosecuted.   St. 1905, c. 224, subsequently extended this time for a further term of one year, and as these two statutes are to be construed together they make the limitation three years from the date of the enactment of St. 1902, c. 543.   *Danforth* v. *Groton Water Co.* 178 Mass. 472.   *Dunbar* v. *Boston & Providence Railroad,* 181 Mass. 383.   *Rogers* v. *Nichols,* 186 Mass. 440, 443.   It is manifest from the entire series of amendatory statutes so far as they relate to the remedy, that at least the petitioner and probably other owners of the estates which had been injuriously affected by the primary act as amended, inadvertently failed to take advantage of its provisions, and thus had lost their right to recover compensation.   *Geraghty* v. *Boston,* 120 Mass. 416.   To remedy what

may have been deemed an injustice, and to enlarge and more specifically define the restricted area, instead of a separate act granting a further extension of time under the original condemnation, the Legislature by St. 1902, c. 543, § 1, again proceeded explicitly to condemn these estates, but with a provision not before found, that any betterment which had accrued by reason of the general improvement should be set off in the assessment of damages. That this was intended as a fresh taking is shown not only by the different provisions concerning the ascertainment of damages, but by the inclusion of other estates in the vicinity. St. 1902, c. 543, § 2. If the original taking for any reason had been considered of doubtful validity, or the provision for the payment of damages was considered as not being sufficiently favorable to the respondent, there can be no serious question that the Commonwealth could proceed independently under the subsequent statute without such action being treated as reviving the petitioner's right to recover under a former taking which had been barred by the lapse of time, as a second condemnation without a proviso to that effect did not revive the former right of action. See *Crompton Carpet Co.* v. *Worcester*, 123 Mass. 498, 504. But it is obvious there can be no entry upon the premises in the sense that when land is taken for the use of the public physical possession at some period in the proceedings becomes requisite as in the laying out of public ways, and where interest on the damages awarded or recovered by suit is to be computed only from the date of entry. *Edmands* v. *Boston*, 108 Mass. 535. *Pegler* v. *Hyde Park*, 176 Mass. 101. And to compensate the petitioner interest must be allowed from June 28, 1902, which is the date of the only taking under which the petition can be maintained. *Old Colony Railroad* v. *Miller*, 125 Mass. 1. *Imbescheid* v. *Old Colony Railroad*, 171 Mass. 209. *Hay* v. *Commonwealth*, 183 Mass. 294, 295, and cases cited.

If the question of the measure of damages is thus determined, the remaining inquiry concerns the title, and while the respondent makes no contention that the petitioner is not entitled to the entire sum absolutely, the judgment from which the appeal is taken provides for the appointment of a trustee under R. L. c. 48, §§ 17, 19, because the petitioner was held to be only a tenant

for life. By the first clause of the will of Matthias P. Sawyer he devised to her the mansion house and land, which are the premises described in the petition, " for and during her natural life with the right to dispose of the same as she shall think proper from the time of her death." When this will was admitted to probate Rev. Sts. c. 62, § 4, now R. L. c. 135, § 22, provided that in a devise of lands all the estate of the devisor therein should pass, unless by his will it clearly appeared that he intended to convey a less estate. After this gift there is no devise over, and the language of the residuary clause, that within two years after the testator's death his executor should dispose of the "balance" of the estate to "The Massachusetts General Hospital," is inconsistent with a construction that he intended to include this property which previously had been given to his daughter. *Baker* v. *Bridge*, 12 Pick. 27, 31. *Joslin* v. *Rhoades*, 150 Mass. 301. *Bassett* v. *Nickerson*, 184 Mass. 169. But it is unnecessary to decide whether a fee passed, for in any event she took a life estate with a power of disposal by deed or by will. *Kimball* v. *Sullivan*, 113 Mass. 345. *Kent* v. *Morrison*, 153 Mass. 137, 139. *Dana* v. *Dana*, 185 Mass. 156. The phrases " during her natural life " and " from the time of her death," which were used to express his purpose, have no larger signification than if the testator had said that the estate was " to be kept and retained by her as long as she shall live," and this language was held in *Todd* v. *Sawyer*, 147 Mass. 570, where a similar devise was made to be insufficient to prevent the devisee from conveying an absolute title in fee. The power given being unrestricted the devisee could sell the property to whomsoever she pleased, and when received the proceeds became her individual property. *Kent* v. *Morrison, ubi supra.* She chose to convey to an intermediary upon a trust for her benefit, and he reconveyed to her. This was a valid execution of the power, for being the donee she could convey, if she chose, directly to herself in fee. By either form of conveyance she would become seised not as grantee of herself, but as the person designated by her in the exercise of the power conferred by the testator, from whom upon its execution she would derive title. *Hall* v. *Bliss*, 118 Mass. 554, 559, and authorities there cited. *Look* v. *Kenney*, 128 Mass. 284.

The judgment awarded by the Superior Court having included interest from June 19, 1901, the date of the passage of St. 1901, c. 525, must be reversed, and judgment, without the appointment of a trustee, is to be entered for the petitioner in the sum of $32,500, with interest at the legal rate from June 28, 1902.

*So ordered.*