MARY A. TAPPAN & another *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON & another.

Suffolk.    November 21, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Constitutional Law.    Statute.    Tax.    Sewer.*

Section 7 of St. 1897, c. 426, relative to the sewerage works of the city of Boston, providing for the assessment of benefits, which was declared unconstitutional in *Sears* v. *Street Commissioners*, 173 Mass. 350, was so important a part of that statute, that the provisions of §§ 1 and 8 of the same chapter, that no sewerage work should thereafter be constructed in that city except under authority of that act, unless ordered before its passage, and that all sewers and connections made in constructing any way under St. 1891, c. 323, should be deemed to be constructed under the act of 1897, fall with the unconstitutional provisions of § 7 and are of no effect.

The provision in § 1 of St. 1899, c. 450, relative to the sewerage works of the city of Boston, that no sewerage work should thereafter be constructed in that city except under the authority of that act, unless ordered before its passage, was a re-enactment of § 1 of St. 1897, c. 426, which was void as connected inseparably with an unconstitutional provision in another section of that statute, and therefore first became effective under the statute of 1899.

Assessments for benefits from the construction of a sewer in the city of Boston, which was included in an order made on July 15, 1897, for the laying out and construction of a street under St. 1891, c. 323, and acts in amendment thereof, and was constructed in 1902 and 1903 under the same statute, can be made only under the provisions of St. 1902, c. 521, after the completion of the improvements of which the sewer is a part.

PETITION, filed June 8, 1906, for a writ of certiorari to quash an assessment for benefits from the construction of a sewer in Queensberry Street in Boston.

The case came on to be heard before *Hammond, J.,* who at the

request of the parties reserved it upon the petition, exhibits, answer and agreed facts for determination by this court, such decree to be entered therein as law and justice might require.

*H. W. Putnam*, for the petitioners.

*T. M. Babson*, for the respondents.

KNOWLTON, C. J.   This is a petition for a writ of certiorari to quash an assessment of betterments from the construction of a sewer in Queensberry Street in Boston.   The only order for the establishment and construction of this sewer was included in the order for the laying out and construction of the street, made on July 15, 1897.   This order was made under the provisions of the St. 1891, c. 323, St. 1893, c. 462, St. 1894, c. 439, and acts in amendment of or in addition to said acts.   At the time of the assessment of these betterments the construction of the street had not been completed, and the assessment of the betterments therefor could not be made.   The principal question is whether an assessment could be made on account of the construction of the sewer, apart from the construction of the street.

By the St. 1897, c. 426, § 1, which took effect on June 21, 1897, it was provided that no "sewerage work" should thereafter "be constructed in said city, except under authority of this act, unless the same has been ordered to be constructed before the passage thereof."   Section 8 declared that, "All sewers and connections ordered to be made in constructing any way under the authority of chapter three hundred and twenty-three of the acts of the year eighteen hundred and ninety-one," etc., should be deemed to be constructed under the authority of this later act.   Section 7 of the later act was declared unconstitutional in *Sears* v. *Street Commissioners*, 173 Mass. 350, and this section was so important a part of the statute that, in our judgment, it lay at the foundation of the provisions just referred to in §§ 1 and 8.   We think that § 7 and these provisions were connected inseparably in the purpose of the Legislature, so that when § 7 was found to be unconstitutional they all fell together. Section 8 was expressly repealed by the St. 1900, c. 478, § 4, and this provision in § 1 was re-enacted in the St. 1899, c. 450, § 1.   As this provision in the former statute was invalid, it first became effective in the St. 1899.   It was then inapplicable to

the work in Queensberry Street, because the work had been ordered to be constructed before the passage of this statute.

It is an agreed fact in the case that the sewer was constructed between July 3, 1902, and November 5, 1903, and was paid for from a loan of money raised under orders authorized by the St. 1900, c. 478, "for the construction of highways already laid out." By the express terms of this statute the expense of such construction is to be assessed and collected under the provisions of c. 323 of the acts of the year 1891, and the acts in amendment thereof or in addition thereto. The St. 1902, c. 521, is an amendment of the St. 1891, c. 323, which prescribes the mode of assessing benefits from the construction of highways, including sewers, under the earlier statute. Moreover, in the St. 1899, c. 450, the course of proceeding is prescribed for the ordering and construction of sewers under that act, and upon this street nothing was done in accordance with this course of proceeding.

It seems plain that the sewer was not only ordered but constructed under the St. 1891, c. 323, and the amendatory acts, and not under the St. 1899, c. 450. It follows that the assessment should be made in accordance with the provisions of the St. 1902, c. 521, after the completion of the improvements of which the sewer was only a part.

*Writ of certiorari to issue.*