BOSTON WATER POWER COMPANY & trustees *vs.* CITY OF BOSTON.

Suffolk.     January 10, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract*, Performance and breach.  *Municipal Corporations.*    *Taxes*, Assessments for benefits.

In an action against a city for an amount awarded as damages for land taken for the laying out of a street with interest on the award from the time the defendant began the construction of the street, the defendant set up an instrument under seal executed by the plaintiffs and other landowners whereby they agreed as follows: " We, . . . in consideration of the immediate laying out and construction of said proposed street at the width of fifty feet, . . . and of any assessments which may be laid upon our several estates for the cost of said laying out and construction being delayed until the damages caused to us severally by the taking of said land and the cost of the construction of said street shall be determined, and of said damages being offset against the proportionate part of said cost which may be levied upon our respective estates, agree that the payment for said damages shall be delayed until the balance due from us severally after making said offset has been determined."  It appeared that the street was laid out and constructed within a reasonable time, but that no assessment for betterments was made until after the action was begun, when betterments were assessed under a statute which was enacted after the work was done.  The assessment was valid and exceeded in amount the damages awarded to the plaintiffs.  The betterments might have been assessed sooner, but the plaintiffs never had requested an assessment nor asked for a determination of the balance due from them.  The plaintiffs contended that as the defendant had not made the assessment promptly they were entitled to interest on their award for damages from the date of the beginning of construction and were not obliged to set off their damages against the betterments.  *Held*, that the setting off of one claim against the other and determining the balance was to be done by the parties jointly, and that the plaintiffs could not hold the defendant delinquent in failing to assess the betterments promptly until the plaintiffs had requested an accounting and a determination of the balance and the defendant had failed to assess the betterments within a reasonable time after such request.  *Held, also*, that the fact that the assessment was

made under a statute enacted after the work was completed was immaterial, as the writing bound the parties in regard to any assessment lawfully made to meet the expenses of the laying out and construction of the street, and such an assessment could be made under a statute passed after the work was done.

CONTRACT by the Boston Water Power Company, a corporation, and Moses Williams and John H. Storer, trustees under certain indentures with that corporation, against the city of Boston for the sum of $35,603 awarded to the corporation as damages from the laying out and construction of Peterborough Street in Boston, with interest from November 16, 1896. Writ dated November 13, 1902.

The defendant's answer in addition to a general denial alleged " that if any land of the plaintiffs was taken for a street and a building line established as alleged, no award was made therefor, but said land was taken and said street laid out in accordance with a written agreement with the city and the street commissioners, signed by the plaintiffs and the other owners of land to be taken, the substance of which agreement was that the street was to be laid out and constructed by the city, that the plaintiffs and the other owners would give the land for the street at prices fixed by the agreement, that nothing was to be paid until after the street was constructed and the cost ascertained, that then the cost of construction and the cost of the land, at the values fixed upon by the agreement, were to be assessed upon the abutters and each one was to be credited with the value of his land taken for the street and was to pay to the city or be paid by the city the difference between the value of his land and the amount of his assessment; and the defendant says that said street has not yet been constructed or such assessment made and that until then it is impossible to ascertain what, if anything, is due the plaintiffs."

The facts are stated in the opinion, where the material part of the instrument signed by the plaintiffs is quoted.

In the Superior Court the case was submitted to *Pierce*, J. upon the pleadings, an agreed statement of facts and the exhibits referred to therein. The judge found for the defendant, and at the request of the parties reported the case for determination by this court. If the finding was warranted upon the agreed statement of facts and the exhibits therein referred to,

judgment was to be entered thereon; otherwise, such order was to be made as law and justice might require.

*C. F. French,* for the plaintiffs.

*T. M. Babson,* for the defendant.

KNOWLTON, C. J.  This is an action to recover the amount awarded to the plaintiffs as damages for laying out Peterborough Street in Boston, and the interest on the award from December 2, 1896, the date when the defendant entered on the plaintiffs' land to construct the street.  Before the adoption of the order by the board of street commissioners, the plaintiffs and others signed and delivered a writing, like that which appears in *Aspinwall* v. *Boston,* 191 Mass. 441, 444, and in *Averill* v. *Boston,* 193 Mass. 488, 491.

The board of street commissioners laid out the street and the city constructed it within a reasonable time, in accordance with the terms of this writing, but no assessment of betterments was made until after the commencement of the present action.  Soon after the action was begun, betterments were assessed, under St. 1902, c. 527, and the assessment upon the plaintiffs, about the legality of which no question is made, exceeds the amount of the damages which they seek to recover.  The question is whether, under the contract signed by the plaintiffs, they are obliged to set off their damages against the betterments.  The practical difference between the contentions of the parties is that, in one view, the plaintiffs would recover a large sum for interest, and in the other view they would receive no interest.

The adoption of the order, including the assessment of land damages, followed by a seasonable construction of the street, was an acceptance of the plaintiffs' proposal in writing, in all the substantial matters to which the writing relates.  This part of the writing is as follows: " We, . . . in consideration of the immediate laying out and construction of said proposed street at the width of fifty feet, . . . and of any assessments which may be laid upon our several estates for the cost of said laying out and construction being delayed until the damages caused to us severally by the taking of said land and the cost of the construction of said street shall be determined, and of said damages being offset against the proportionate part of said cost which may be levied upon our respective estates, agree that the payment for

said damages shall be delayed until the balance due from us severally after making said offset has been determined." The validity of such a contract, if accepted and performed by a city, is not now in question. *Aspinwall* v. *Boston*, 191 Mass. 441. *Boston* v. *Simmons*, 9 Cush. 373. *Bell* v. *Boston*, 101 Mass. 506. *Driscoll* v. *Taunton*, 160 Mass. 486. Everything in terms required to be done by the city, under the contract, was seasonably and properly done. The only thing which the contract calls for that has not been done is the determining of the balance due from the plaintiffs and others to the city, after making the offset. The contract assumes that the city will assess betterments, and that the amount assessed will be so great that there will be a balance due to the city after setting off the land damages. There is an implied agreement on the part of the city that it will make such an assessment, and do its part toward determining the balance due it. This agreement relates only to the adjustment of the accounts between the parties. If the city should neglect and refuse to do its part, after a demand or request by the plaintiffs, it might well be that the plaintiffs would not be obliged to delay longer the collection of their damages. In *Aspinwall* v. *Boston*, 191 Mass. 441, 447, it is said that, " The important practical question is whether the stipulation as to the delay in collecting damages can be enforced against the plaintiffs, when the city fails to perform that part of the contract which calls for the immediate construction of the street." At page 445, " If the construction had been finished seasonably, in pursuance of the provisions of the writing, there would have been a complete acceptance by performance, which would have bound the city, as well as the plaintiffs, provided the contract is such as the representatives of the city had a right to make." The opinion also recognizes the fact that, to do its whole duty under the writing, the city must be ready to offset the land damages against the betterments, and determine the balance which it was assumed would then be due from the plaintiffs. In that case the court had no occasion to consider the question whether a failure on the part of the city to assess betterments promptly after the completion of the work, when there was no request or suggestion by the landowners that an adjustment was desired, would be a breach of the contract, such as would

entitle the landowners to sue at once for the whole amount of their damages. It would seem that every day's delay in the assessment of betterments was an advantage to the landowners, for it postponed the necessity of paying to the city the excess of the betterments above the land damages.

We are of opinion that this setting off of one claim against the other and determining of the balance was to be done by the parties jointly, the plaintiffs participating in it, as well as the city. It was as much the duty of the plaintiffs as of the defendant to go forward and ascertain the balance. It follows that, until there was a neglect or failure of the city to do its part within a reasonable time upon a request by the plaintiffs, the city was not in default, and the plaintiffs were not relieved from their obligation to set off the damages against the betterments. There is little doubt that an assessment would have been made without much delay if the plaintiffs had asked for an accounting and a determination of the balance. See *Averill* v. *Boston*, 193 Mass. 488.

It is therefore unnecessary to consider how far the delay was justified by the litigation in other cases and the changes in the statutes, which have been referred to by the defendant as explaining its failure to make the assessment promptly.

The fact that the assessment was made under a statute enacted after the work was completed is immaterial. The writing binds the parties in reference to any assessment lawfully made to meet the expenses of the laying out and construction. Such an assessment may be made under a statute passed after the work is done. *Hall* v. *Street Commissioners*, 177 Mass. 434. *Warren* v. *Street Commissioners*, 187 Mass. 290. See *Tappan* v. *Street Commissioners*, 193 Mass. 498.

*Judgment on the finding.*