AMERICAN BAPTIST PUBLICATION SOCIETY & others *vs.*
LUCY A. LUFKIN & others.

Essex. November 6, 1907. — January 25, 1908.

Present : KNOWLTON, C. J., LORING, BRALEY, & RUGG, JJ.

*Devise and Legacy. Power.*

A testator devised and bequeathed to his wife "all the rest and residue of my estate both real and personal that I may have at the time of my decease to use and dispose of as she may think best for her interest and comfort. And at her decease my will is that what may remain (if any) of my estate thus given to my said wife shall be equally divided between" four charitable corporations named. *Held,* that, as to the real estate, the widow took an estate for life with an unlimited power of disposal in fee, if in her judgment such disposition became necessary "for her interest and comfort," and that the charitable corporations took estates in remainder subject to be divested by an exercise of that power, which, on the death of the widow without having exercised the power, became absolute.

Where a testator leaves to his wife all his real estate for life with an unlimited power of disposal in fee, if in her judgment such disposition becomes necessary "for her interest and comfort," the power is broad enough to permit its exercise by her will, if she finds this to be necessary for her welfare and comfort, but an ordinary residuary clause in her will, where neither the language of the will nor any extrinsic facts indicate an intention to exercise the power, is not sufficient for the purpose.

PETITION, filed in the Land Court on May 29, 1906, by four charitable corporations, for the registration of title to certain parcels of land in Manchester claimed by the petitioners under the will of Samuel Cheever, late of Manchester, the interest of Susan Hannah Cheever, widow of Samuel Cheever, in the land being alleged to have terminated upon her death on March 19, 1905.

In the Land Court the case was tried before *Davis,* J. The material portion of the will of Samuel Cheever is quoted in full in the opinion. It was dated January 30, 1865. The testator

then was fifty years of age.    He died on July 9, 1892, at the age of seventy-eight years, leaving Susan Hannah Cheever as his widow and no children.    The inventory of his estate showed real estate, consisting principally of the lands in question, to the value of $9,007.90 and personal property to the value of $2,333.    Susan Hannah Cheever died on March 19, 1905, leaving a will which was dated June 9, 1894.    After disposing of certain personal effects, the only devises and legacies in her will were as follows:

" The remainder of my estate, both real and personal after payment of my debts and expenses of settling my estate, I desire to devise and bequeath as follows: The income thereof I give to my brother Daniel W. Friend as long as he lives, and if in his judgment the income is insufficient to supply his needs then he can appropriate to his own use the whole or any part of my real and personal estate thus given as he deems proper and best, authority being hereby given him to sell and convey in his own name my real estate ; and if any part of my real or personal estate remains at the decease of my said brother Daniel W. Friend I give and devise the same to my nieces and nephew above-named (Lucy Ann Lufkin, Alinda F. Currier and Charles A. Staten) and their heirs and assigns forever equally."

Daniel W. Friend died on March 24, 1904, before his sister Susan H. Cheever, and the respondents named in the petition were the nephew and nieces named in the residuary clause of the will of Susan H. Cheever.

On the foregoing facts the respondents asked the judge to rule, as matter of law, as follows:

" 1.    That by the will of Samuel Cheever, late of Manchester, deceased, under which the several parties to this action claim title, no estate whatever was devised to the Baptist societies named therein, or either of them.

" 2.    That by the will of Samuel Cheever, late of Manchester, deceased, under which the several parties to this action claim title, no estate whatever was devised to the petitioners."

The judge refused to rule as requested, and instead thereof ruled, as matter of law, as follows:

" 1.    That under the second clause in the will of the said Samuel Cheever, his widow, Susan H. Cheever, took a life

estate, coupled with a power of disposal of the entire estate of
the testator in fee as she might think best for her interest and
comfort, with remainder as to such of the testator's estate as
should not be so disposed of by said Hannah, to the Baptist
societies therein designated.

" 2. That said power of disposal was not exercised by Mrs.
Cheever under and by virtue of her will.

" 3. That title to the premises in question, subject to any
existing rights of way therein, is in the petitioners in fee, under
the will of said Samuel Cheever."

In accordance with these rulings the judge filed a decision
ordering a decree for the petitioners, subject to any existing
rights of way.

To the refusals to rule and to the rulings made the respond-
ents excepted, and, at the request of both parties, the judge
reported the case for determination by this court. If the rul-
ings were right, a final decree is to be entered for the peti-
tioners as ordered ; if either of the rulings was wrong, a final
decree was to be entered of " Petition dismissed."

*S. Perley*, for the respondents.

*D. P. Bailey*, for the petitioners.

BRALEY, J.   After giving by the first clause a small pecuniary
legacy, which subsequently lapsed by the death of the legatee
before the testator, in the second clause of his will Samuel
Cheever devised and bequeathed to his wife, " all the rest and
residue of my estate both real and personal that I may have at
the time of my decease to use and dispose of as she may think
best for her interest and comfort.   And at her decease my will
is that what may remain (if any) of my estate thus given to my
said wife, shall be equally divided between the Massachusetts
Baptist Bible Society — The Massachusetts Baptist Home
Missionary Society, the Massachusetts Baptist Foreign Mission-
ary Society, and the Massachusetts Baptist State Convention to
assist destitute churches."   By this language she took an estate
for life, with an unlimited power of disposal in fee, if in her
judgment such disposition became necessary " for her interest
and comfort."   But until her death it could not be ascertained
whether the remainder which vested in the societies named, to
whose estate the petitioners have succeeded, would be divested

by an exercise of the power.    *Chace* v. *Ladd*, 153 Mass. 126.
*Dana* v. *Dana*, 185 Mass. 156.    *Ball* v. *Holland*, 189 Mass. 369.
*Raymond* v. *Commonwealth*, 192 Mass. 486.    The report is somewhat barren in details, but it is to be inferred that the real property was not alienated, unless by her will she devised the fee.    While the power is sufficiently broad to permit this, if her welfare or comfortable support required it, the sole fact that she died testate is not sufficient.    It does not appear either from the language of her will, or from any extrinsic facts, that in any of its provisions the instrument was intended to operate as a legitimate execution of the power.    *Raymond* v. *Commonwealth, ubi supra.*    *Stone* v. *Forbes*, 189 Mass. 163.    The will consequently devised only such property as the testatrix held in her own right, and at her death the petitioners, whose title had not been divested, were entitled to possession.    The rulings requested by the respondents, therefore, were rightly refused, and those given correctly stated the law.

By the terms of the report a final decree is to be entered in favor of the petitioners, the terms of which are to be settled in the Land Court.

*So ordered.*