WILLIAM S. BURRAGE & another, executors, *vs.* CITY OF BOSTON.

ANDREW A. MEYER & others *vs.* SAME.

MARY A. TAPPAN, administratrix, *vs.* SAME.

HARTLEY AVERILL & another, trustees, *vs.* SAME.

MARY A. TAPPAN, administratrix, *vs.* SAME.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE *vs.* SAME.

Suffolk.     March 5, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Damages.   Interest.*

The owners of unimproved land in the city of Boston, which would continue to be unavailable for years unless and until streets should be laid out and constructed, made with the city the following agreement: " We . . . , in consideration of the immediate laying out and construction of said proposed street at a width of fifty

feet, under the provisions of c. 323, of the Acts of the year 1891 and acts in amend-
ment or addition thereto, and of any assessments which may be laid upon our sev-
eral estates for the cost of said laying out and construction being delayed until
the damages caused to us severally by the taking of said land and the cost of
construction of said street shall be determined, and of said damages being offset
against the proportionate part of said cost which may be levied upon our respec-
tive estates, agree that the payment for the said damages shall be delayed until
the balance due from us severally after making said offset has been determined."
*Held*, that under this agreement no claim was to be made on either side until
the time had come for setting off the betterments against the damages and the
balance had been struck, and that until then nothing was payable by either
party, so that the landowners could claim no interest on the amounts respec-
tively awarded to them as damages for the period before the offset of better-
ments was made.

SIX ACTIONS OF CONTRACT to recover the damages suffered by
the respective plaintiffs, after crediting and deducting better-
ments as part payment as required by the agreement described
in the opinion, in the first three cases from the laying out of
Jersey Street and in the last three cases from the laying out
of Queensberry Street both in Boston. Writs in the first three
cases dated October 1, 1907, and in the last three cases Novem-
ber 27, 1907.

All of the cases were heard upon the pleadings and agreed
statements of facts and the exhibits referred to therein by *Scho-
field*, J., who in each of the first three cases found for the plain-
tiff for a balance reached by offsetting, against the award for
damages made on July 15, 1898, for land taken for the lay-
ing out of Jersey Street, the betterment assessments on such
land, with interest on such balance from September 27, 1907,
the date of the assessment, in each of the fourth and fifth cases
found for the plaintiff for a balance reached by offsetting, against
the award for damages made on July 15, 1897, for land taken for
the laying out of Queensberry Street, the betterment assessments
on such land, with interest on the balance from November 25,
1907, the date of the assessment, and in the sixth case found
for the defendant, and reported all the cases for determination by
this court. If the ruling was correct judgment in each case was
to be entered on the finding; otherwise, the finding was to be
set aside and such judgment was to be entered as law and justice
might require.

*H. W. Putnam*, for the plaintiffs.

*T. M. Babson*, for the defendant.

KNOWLTON, C. J. These cases are brought under a form of contract which is the same in all of them, and which has been very fully considered in *Aspinwall* v. *Boston*, 191 Mass. 441, *Tappan* v. *Boston*, 191 Mass. 441, *Averill* v. *Boston*, 193 Mass. 488, and *Boston Water Power Co.* v. *Boston*, 194 Mass. 571. The plaintiffs have all affirmed the contracts by their action, and the only question presented is whether they are entitled to interest upon the several sums allowed to them as damages for the taking of their land, before the time when these damages were payable under the terms of the contracts, namely, the time when the balance due after making an offset of the amounts assessed upon the land by the city for betterments had been determined.

The contract, except as changes were made in the names of streets for the different places in which it was used, is given in full in the opinion in *Aspinwall* v. *Boston*, 191 Mass. 441. In the part most material, it is as follows: " We, . . . in consideration of the immediate laying out and construction of said proposed street at a width of fifty feet, under the provisions of c. 323 of the acts of the year 1891 and acts in amendment or addition thereto, and of any assessments which may be laid upon our several estates for the cost of said laying out and construction being delayed until the damages caused to us severally by the taking of said land and the cost of construction of said street shall be determined, and of said damages being offset against the proportionate part of said cost which may be levied upon our respective estates, agree that the payment for the said damages shall be delayed until the balance due from us severally after making said offset has been determined."

In *Imbescheid* v. *Old Colony Railroad*, 171 Mass. 209, 210, the court said that there should be an allowance of " interest because the damages were not paid when due." In *Pegler* v. *Hyde Park*, 176 Mass. 101, 103, is this language : " In cases of this kind, interest is allowed upon the damages ascertained from the time when they are payable, which ordinarily is the time of taking." Interest is never allowed upon the value of land so taken on the ground that it is included in a contract, or is a stipulated part of a debt, but only as damages for the failure to pay the money when it ought to be paid.

The rights of the parties in these cases depend upon contracts

into which they entered.  Seemingly, the plaintiffs were owners of unimproved land which would continue to be unavailable for years until streets should be laid out and constructed.  At that time there was a statute (afterwards held unconstitutional) which purported to authorize the assessment of the entire cost of laying out and constructing streets in Boston upon the estates specially benefited.  These contracts assumed that there would be a balance due to the city from these abutters for betterments, after setting off all the land damages.  *Boston Water Power Co.* v. *Boston,* 194 Mass. 571, 574.  The plaintiffs accordingly agreed that these amounts might be set off against each other, and that the payment for the land damages should be delayed until this balance should be ascertained.  These damages were not payable until that time, and there is no ground for claiming interest, except in those cases where the land damages exceed the amount assessed for betterments, and in those only for the time since the balance was determined.  A fair construction of the contract is that no claim should be made on either side until the time had come for setting off these amounts against each other and the balance had been struck.  Until then neither party would be in default for non-payment, and there would be no ground for a claim of interest as damages from either party for the delay in making payment.

This has been assumed to be the true construction of the contract in former cases, and further consideration confirms us in our original view.

The result is that, in each of the cases, judgment is to be entered on the finding.

*So ordered.*