PHILIP DEXTER, trustee, *vs.* ATTORNEY GENERAL & others.

Suffolk. March 15, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy. Words,* "Then be living."

A testatrix by her will left the residue of her estate in trust to pay the net income to her mother, sister and brother during their joint lives, "And upon the death of the last survivor, the said income is to be added to the principal to be allowed to accumulate, and the whole trust fund then to be paid over in proportionate shares to my grand-nephews and grand-nieces, if any, who may then be living, as they shall arrive respectively at the age of twenty-one years; and if none living to take the same, then to pay over and distribute the whole" of the residue among charitable institutions. At the time of the death of the last survivor of the three joint beneficiaries for life, there were living a grand-nephew and a grand-niece of the testatrix, children of a deceased nephew, and also a niece of the testatrix who was married. *Held,* that the words "then be living" referred to the grand-nephews and grand-nieces of the testatrix alive at the death of the last survivor of the life beneficiaries and that the gift then vested in them, although possession was postponed until they should arrive respectively at the age of twenty-one years; and accordingly it was ordered that upon their respective arrivals at that age an equal distribution of the fund should be made to the grand-nephew, the grand-niece and to any issue of the married niece of the testatrix who might be born within nine months after the death of the last survivor of the life beneficiaries.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 7, 1916, by the trustee under the will of Martha Parsons, late of Milton, who died on May 15, 1899, for instructions as to the distribution of the trust fund to be made by reason of the death on November 5, 1915, of the last survivor of the mother, sister and brother of the testatrix to whom the net income of such fund had been payable during their joint lives.

The case came on to be heard before *Loring,* J., who reserved it upon the bill and answers for determination by the full court.

*W. R. Trask,* for the plaintiff, stated the case.

*W. H. Hitchcock,* Assistant Attorney General, for the Attorney General.

*R. Homans,* for Royall Parsons and for himself as guardian *ad litem.*

*B. L. Young,* for the executors of the will of Arthur Jeffrey Parsons.

*A. G. Grant,* for the executors of the will of Georgiana Parsons.

*M. Donald,* for Gwladys C. Hopkins, administratrix, and Georgiana Musgrave.

*A. H. Brooks,* guardian *ad litem* for Mark Hopkins and Gwladys C. Hopkins.

*F. B. Greenhalge,* guardian *ad litem* for the unborn or unascertained issue of Georgiana Musgrave.

BRALEY, J. The testatrix after devising her real property either in fee or upon certain trusts and making gifts of pecuniary legacies under the sixth clause of her will, where she states that the will is to operate not only on the "remainder of my property and estate of every description," but "including all which I may be in any manner entitled to dispose of, or may be authorized to exercise any power of appointment over, by virtue of any will, deed of trust, settlement of any annuity or other instrument me enabling, or however otherwise," declared in the sixteenth clause, "All the rest, residue and remainder of my estate, including all over which I have any right of disposal as above, I dispose of as follows: The trustees under my will are to divide and pay over the whole net income thereof equally between my mother, my sister Georgiana, and my brother Jeffrey and the survivors and the last survivor of them for and during their natural lives, such payment to be made them annually at such time as may be most convenient. And upon the death of the last survivor, the said income is to be added to the principal to be allowed to accumulate, and the whole trust fund then to be paid over in proportionate shares to my grand-nephews and grand-nieces, if any, who may then be living, as they shall arrive respectively at the age of twenty-one years; and if none living to take the same, then to pay over and distribute the whole rest, residue and remainder of my whole estate

to and among such charitable institutions in New England as they, the trustees, may select & judge to be the most beneficent and useful, especially preferring, but therein, however, acting at their own sole discretion, such as are for the benefit of children." The codicils changing the legacies and certain devises of real estate do not affect these provisions. The last life tenant having deceased, at whose death a grand-niece and grand-nephew of the testatrix were living, the question is, whether they are entitled to share in the trust fund, or whether the gift is limited to the children of the two nephews and one niece who were living when the testatrix died, or whether the appointment by the testatrix under the power given in the will of her father is void for remoteness, and, if held void, whether the fund should be distributed under the residuary clause of his will in equal shares among the legal representatives of a daughter and grandson of the testator, the survivors of the four children for whom the residuary provisions were made, or whether the clause should be construed as meaning a gift in favor of the grand-nephews and grand-nieces who are living when the first grand-nephew or grand-niece reaches the age of twenty-one, under which construction the gift is void for remoteness, the charity fails, and, a partial intestacy resulting, the heirs at law of the testatrix take the entire property which would include her own property and the property over which she was given the power of appointment.

While the testatrix intended to exercise and did exercise the power, the property vested under the will of the donor of the power. *Raymond* v. *Commonwealth*, 192 Mass. 486, 490. But whether by the terms of the power it could be exercised at a period exceeding the limits of the rule against perpetuities, and therefore no part of the donor's property passed, need not be decided.

The life tenants were living not only at her death but at the death of her father, and from the language used by the testatrix, it is manifest she intended that her grand-nieces and grand-nephews living at a certain time should take the residue of her estate. A grand-niece and a grand-nephew were living when the last life tenant died, and where there is a gift to a class the estate vests whenever a member of the class comes within the description. *Fosdick* v. *Fosdick*, 6 Allen, 41, 43, 44. The words "then be living" refer to the grand-nephews and grand-nieces alive at "the death of the last

survivor," and are descriptive of the class who are to take, *Sears* v. *Russell,* 8 Gray, 86, *Thomson* v. *Ludington,* 104 Mass. 193, *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, and are not used as defining the time when they should come into enjoyment of the property. *Ball* v. *Holland,* 189 Mass. 369, 372.

The gift accordingly vested, although possession is postponed until they arrive respectively at the age of twenty-one years, which measures the period of accumulation, but imposes no unlawful restraints on alienation. *Claflin* v. *Claflin,* 149 Mass. 19.

The result is that Mark Hopkins and Gwladys Hopkins, the children of a deceased nephew, being the only grand-nephew and grand-niece of the testatrix living at the termination of the life estates; and any issue of Georgiana Musgrave, a niece of the textatrix, born within nine months after the death of the last life tenant, are to share the fund, a proportionate distribution of which with the accumulated income is to be made whenever a distributee arrives at· the age of twenty-one years. *Hubbard* v. *Lloyd,* 6 Cush. 522. *Hall* v. *Hancock,* 15 Pick. 255.

*Decree accordingly.*