UNIVERSAL CONTAINER CORPORATION *vs.* CITY OF CAMBRIDGE.

Middlesex. December 7, 1971. — February 4, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Eminent Domain,* Leasehold, Right to damages. *Landlord and Tenant,* Taking by eminent domain, Notice of lease. *Notice.*

Even though a city paid full value to the owner for real estate taken for public use, where a lease of that property, notice of which was duly recorded, provided that the lessee should "in all events be entitled to damages to its leasehold" in case of a taking and the lessee did not consent to the settlement between the owner and the city, the recording of the notice of lease gave the city constructive

notice of the lessee's interest and the lessee was entitled to recover from the city the fair market value of the lease. [60–61]

PETITION filed in the Superior Court on December 2, 1968.

The case was heard by *Sullivan, J.*

*Stanley M. Epstein* (*Michael L. Buckman* with him) for the petitioner.

*Philip M. Cronin,* City Solicitor, for the respondent.

BRAUCHER, J. This is a petition for assessment of damages under G. L. c. 79, §§ 14, 22, for the taking by the respondent (the city) of the petitioner's leasehold. The case was submitted, jury waived, upon the pleadings, a statement of agreed facts, and exhibits, amounting to a case stated. The judge found for the respondent, and the petitioner appeals under G. L. c. 231, § 96, treating the finding as an order for judgment.

We summarize the agreed facts. The city, by an instrument dated August 19, 1968, made a taking of land. Some of the land belonged to one Chapper, and the petitioner was then the sole tenant of the land taken from Chapper, under a written lease dated March 14, 1962, terminating by its terms on March 14, 1975. Notice of the lease was recorded on March 21, 1962, in the Middlesex registry of deeds. The petitioner operated a business on the land up to and including the date of taking. On October 7, 1968, the city paid Chapper $217,000, the full fair market value of the property. The petitioner was not made a party to the transaction and has never received compensation for the taking of its leasehold estate, which had a fair market value at the date of taking of $30,000.

By requests for rulings the petitioner presented to the judge the sole question before us on this appeal, whether this case is within the rule of *Kahler* v. *Marshfield,* 347 Mass. 514, 517. There the plaintiffs, who had recorded an attachment, were creditors of the landowner. The town took the land by eminent domain, paid the amount due on a mortgage, and turned over the balance of the

agreed value of the land to the landowner, who became bankrupt. We concluded "that since the proceeds have been dissipated, the plaintiffs are entitled to recover from the town, which made payment in violation of the plaintiffs' property right of which it had constructive notice through the recording of the attachment in the registry of deeds." There is no showing here that "the proceeds have been dissipated," but we hold that the same rule applies nonetheless.

Article 6 of the lease, entitled "Eminent Domain," provides, "If . . . the . . . premises . . . shall be taken for . . . public use, . . . this lease shall terminate at the election of the Lessor, . . . and if he shall not so elect, a just proportion of the rent . . . shall be suspended or abated. Notwithstanding any provision herein to the contrary, the Lessee shall in all events be entitled to damages to its leasehold . . . ." There is no indication that the lessor elected to terminate the lease. See *United States* v. *40,438 Square Feet of Land in Boston*, 66 F. Supp. 659, 662–663 (D. Mass.). Compare *Goodyear Shoe Mach. Co.* v. *Boston Terminal Co.* 176 Mass. 115, 117; *Sparrow Chisholm Co.* v. *Boston*, 327 Mass. 64, 65. Such an election would not have affected the lessee's right to recover damages to its leasehold. In *Sparrow Chisholm Co.* v. *Boston, supra*, at 67, the lease provided for the termination of "the entire interest" of the lessee in the event of a taking, and we said, "If it were not for the provision of the lease, the lessee could recover damages from the city for the injury to its leasehold." See *Belmont Clothes, Inc.* v. *Pleet*, 229 Md. 462, 472. Compare *Pegler* v. *Hyde Park*, 176 Mass. 101, 103; *Goodyear Shoe Mach. Co.* v. *Boston Terminal Co., supra*, at 117; *Newman* v. *Commonwealth*, 336 Mass. 444, 445.

Thus the lessee, as against the lessor, was entitled to damages resulting from the taking. It was not limited to recourse against the lessor, but had an independent claim against the city. *Pegler* v. *Hyde Park, supra*, at 102–103. *Galeano* v. *Boston*, 195 Mass. 64, 67–68. See *A. W. Duckett & Co. Inc.* v. *United States*, 266 U. S. 149, 151;

*Silberman* v. *United States,* 131 F. 2d 715, 717 (1st Cir.), and cases cited. That claim could not be extinguished by a settlement between the city and the lessor without the authority or consent of the lessee, at least where the city had notice of the claim. See Levey, Condemnation in U. S. A. 397. There is nothing in the record to support the city's argument that the lessee appointed the lessor a trustee to receive the entire damages pursuant to G. L. c. 79, § 24. Compare *Uhland Club* v. *Schupbach,* 168 Mass. 430. It is immaterial to the present case whether the lessee could recover from the lessor a share of the amount paid to the lessor by the city, or whether the city can now recover from the lessor the amount of any overpayment.

The recorded notice of lease is in the statutory form, and is sufficient to give the city constructive notice of the petitioner's interest. G. L. c. 183, § 4. *Proprietors of the Locks & Canals on Merrimack River* v. *Commonwealth,* 341 Mass. 631, 635. *Kahler* v. *Marshfield,* 347 Mass. 514, 516. See *General Builders Supply Co.* v. *Arlington Co-op. Bank,* 359 Mass. 691, 696–697.

> *Order for judgment reversed.*
> *Judgment to enter for the*
> *petitioner in the amount*
> *of $30,000 with interest.*